**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:11 CR 58-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| HEATHER NICOLE MASSEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon violation reports (#26) (#28) filed in the above entitled cause on February 29, 2012 and a violation report (#30) filed on March 21, 2012 by the United States Probation Office. In the violation reports the United States Probation Office alleges that the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared the defendant was present with her counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of this matter, the defendant, by and through her attorney, admitted the allegations contained in the three violation reports (#26)(#28) & (#30).

The defendant was charged in a bill of indictment filed on August 2, 2011 with two counts of larceny in violation of 18 U.S.C. § 661 and a third count of injury of personal property in violation of 18 U.S.C. § 1363. Defendant was released on terms and conditions of release (#5) on August 22, 2011. On October 13, 2011 the defendant entered a plea of guilty to the charge of injury to personal property. Defendant was continued on terms and conditions of pretrial release. In entering the terms and conditions of pretrial release the undersigned included conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On February 21, 2012, defendant tested positive for marijuana or opiates and on February 28, 2012 she admitted she has used those drugs. On February 29, 2012 defendant admitted she had used Percocet on February 27, 2012 at a time when she did not have a valid prescription for that controlled substance. On March 16, 2012, defendant admitted using Xanax on March 14, 2012 at a time when she did not have a valid prescription for that controlled substance.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)    finds that there is----
>        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>        (B) clear and convincing evidence that the person has violated any other condition of release; and
>    (2)    finds that ---
>        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>        (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>    If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant committed a federal and state crime while on release. During the period of release defendant used marijuana. This is a state misdemeanor. Defendant admitted having used Percocet on February 27, 2012 and Xanax on March 14, 2012 at a time when she did not have a valid prescription. The possession of those substances and the use of those substances without a prescription is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe

defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions will assure the defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that defendant violated the condition of release which required defendant to refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Defendant violated this condition prior to February 21, 2012 when she tested positive for use of marijuana. Marijuana is a drug which is not prescribed by licensed medical practitioners in the state of North Carolina. Defendant further violated this condition by using Percocet on February 27, 2012 and Xanax on March 14, 2012. Defendant did not have a prescription for those controlled substances.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that would assure the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned

has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending sentencing and further proceedings in this matter.

Signed: March 22, 2012

Dennis L. Howell
United States Magistrate Judge